**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VINCENT C. BRUCE,

               Plaintiff - Appellant,

   v.

MATTHEW L. CATE; et al.,

               Defendants - Appellees.

No. 12-15982

D.C. No. 3:09-cv-04649-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

    California state prisoner Vincent C. Bruce appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and

interference with his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Bruce's retaliation claim because Bruce failed to raise a genuine dispute of material fact as to whether his re-validation as an associate of a prison gang was because of defendants' retaliatory motives and advanced no legitimate correctional goal. *See id.* at 1269, 1271 (setting forth elements of a retaliation claim in the prison context, and noting that "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Bruce's claim that defendants improperly opened his confidential mail outside of his presence because Bruce failed to raise a genuine dispute of material fact as to whether the mail at issue met the sender identification requirements for confidential mail, or whether those requirements were not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."); *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (prison officials may require that mail from attorneys be identified as such); *see also Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("[P]rison

security is a compelling state interest, and . . . deference is due to institutional officials' expertise in this area.").

The district court did not abuse its discretion by denying Bruce's discovery requests. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (in making a motion for further discovery under Fed. R. Civ. P. 56, the movant must make clear "what information is sought and how it would preclude summary judgment").

The district court did not abuse its discretion by denying Bruce's request for injunctive relief regarding alleged inadequate prison law library access because Bruce failed to demonstrate that it caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim); *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 993-94 (9th Cir. 2011) (setting forth standard of review and requirement for injunctive relief that the plaintiff must show likelihood of success on the merits).

The district court did not abuse its discretion by denying Bruce's motions to appoint counsel because Bruce failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of

review and requirement of "exceptional circumstances" for appointment of counsel).

Bruce's request to augment the record on appeal, filed on May 24, 2013, is denied.

Bruce's requests for judicial notice, filed on May 24, 2013 and August 1, 2013, are denied.

**AFFIRMED.**